IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CR-0320-DGK |
| | ) | |
| CARL M. GREEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

Now before the Court is Defendant's filing in which he asks the Court to reduce his 90 month sentence for being a felon in possession of a firearm because it is "entirely too lengthy." ECF No. 39.

The Court lacks jurisdiction to grant the relief sought. Defendant does not identify a basis or statute under which he is bringing his motion, and the Court can find no statute which gives the Court jurisdiction (legal authority) to reduce his sentence. The Court sentenced Defendant on December 16, 2020, and it no longer has jurisdiction over his case to alter or amend his sentence. Defendant's motion is not a habeas petition, nor has the Government moved to reduce Defendant's sentence in return for providing substantial assistance. *See*, *e.g.*, 28 U.S.C. § 2255(a) (providing a district court may vacate a sentence if it "was imposed in violation of the Constitution or laws of the United States"); Fed. R. Crim. P. 35 (authorizing a court upon the Government's motion to reduce a defendant's sentence for providing substantial assistance). Also, the Court cannot consider compassionate release under 18 U.S.C. § 3582(c)(1)(A) because Defendant has not exhausted his administrative remedies prior to filing the pending motion.[1]

---

[1] Even if Defendant had exhausted his administrative remedies before filing a motion for compassionate release, he has not shown extraordinary and compelling reasons warranting a sentence reduction § 3582(c)(1)(A).

Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Date: December 29, 2022            /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT